# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **ANNIE BROOKS ROZIER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO.:** |
| ) | |
| **DOLLAR GENERAL CORPORATION,** ) | **(JURY DEMANDED)** |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

**I.  INTRODUCTION**

1. This is an action for declaratory judgment, equitable relief, and money damages instituted to secure the protection and redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978 and the Pregnant Worker Fairness Act. Plaintiff seeks attorneys' fees and costs pursuant to 42 U.S.C. §1988.

2. Plaintiff demands a trial by struck jury.

**II.  JURISDICTION and VENUE**

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391.

5. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission within 180 days of the first discriminatory act and her Notice

of Rights was issued April 2, 2025.

**III.  PARTIES**

6.  Plaintiff Annie Brooks Rozier is a female over the age of nineteen and a resident of Alabama.

7.  Dollar General Corporation is an "employer" as defined by the Civil Rights Act of 1964, as amended, and a "covered entity" as defined by the Pregnant Worker Fairness Act.

**IV.  FACTS and CAUSES OF ACTION**

8.  Annie Brooks Rozier went to work for Dollar General Corporation in August 2022 as a sales associate at Store No. 8862 in Jemison, Alabama.

9.  On October 22, 2022, Rozier was promoted to Assistant Store Manager.

10.  On or about July 3, 2024, Rozier told her store manager, Katelyn Bryant, she was pregnant and gave Bryant a doctor's excuse saying Rozier could not lift more than 10 pounds.

11.  Bryant reviewed Rozier's job duties with Rozier and directed Rozier to work the register, totes, recovery and food rolltainers.  Rozier worked full six to nine hour shifts on July 3, 4, 5, 8 9 and 10 with these accommodations.

12.  Rozier reported to work an eight hour shift on July 12, 2024.  One hour before Rozier's shift ended, Nikki Fulmer, the District Manager for Dollar General Corporation, told Rozier she had to take a mandatory leave of absence without pay and

Rozier could not return to work until after Rozier had her baby.

13. On July 14, 2024, Bryant sent Rozier a text and told Rozier to turn in her store keys.

14. Dollar General discriminated against Rozier in violation of Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978 and the Pregnant Workers Fairness Act by failing to make reasonable accommodations to allow Rozier to continue working, requiring Rozier to take a leave of absence without pay, and by terminating Rozier's employments due to her sex/gender and pregnancy.

15. Rozier has suffered lost wages, emotional distress, and mental anguish as a result of Dollar General Corporation's illegal employment policies, practices and procedures.

## COUNT I

16. Rozier is a female.

17. Rozier was an employee of Dollar General Corporation.

18. Rozier was qualified to perform the essential functions of her position and had continuously met or exceeded standards in the performance of her duties and responsibilities.

19. Rozier informed Dollar General Corporation she was pregnant.

20. Dollar General Corporation terminated Rozier's employment on the basis of her pregnancy.

21. Dollar General Corporation discriminated against Rozier by terminating her on the basis of her sex/gender and pregnancy in violation of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978.

## COUNT II

22. Rozier was a covered employee.

23. Rozier had a know limitation arising from her pregnancy.

24. Rozier was qualified to perform the duties of Assistant Store Manager with reasonable accommodations that did not impose an undue hardship on Dollar General Corporation.

25. Dollar General Corporation failed or refused to make reasonable accommodations for Rozier's known limitation related to her pregnancy in violation of the Pregnant Worker Fairness Act.

## COUNT III

26. Rozier was a covered employee.

27. Rozier had a know limitation arising from her pregnancy.

28. Rozier was qualified to perform the duties of Assistant Store Manager with reasonable accommodations that did not impose an undue hardship on Dollar General Corporation.

29. Dollar General Corporation required Rozier to take unpaid medical leave in violation of the Pregnant Worker Fairness Act.

## COUNT IV

30. Rozier was a covered employee.

31. Rozier had a know limitation arising from her pregnancy.

32. Rozier was qualified to perform the duties of Assistant Store Manager with reasonable accommodations that did not impose an undue hardship on Dollar General Corporation.

33. Dollar General Corporation terminated Rozier's employment for requesting reasonable accommodations for a known limitation in violation of the Pregnant Worker Fairness Act.

34. Rozier has suffered lost wages, emotional distress, and mental anguish as a result of Dollar General Corporation's violation of ther Pregnant Worker Fairness Act.

**V.    PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court will take jurisdiction over this action and after a trial on the merits:

A.    Issue a declaratory judgment that Dollar General Corporation has violated the Plaintiff's rights in violation of the Civil Rights Act of 1964;

B.    Grant Plaintiff a permanent injunction enjoining Dollar Genera Corporation, their agents, successors, employees, attorneys, and those acting in concert with Defendant and at the Defendant's request from continuing to violate Plaintiff's

federally protected rights;

    C.    Enter an Order requiring the Defendants to make the Plaintiff whole by awarding Plaintiff compensatory damages and punitive damages; and

    D.    Plaintiff further prays for such other relief and benefits as the cause of justice may require including, but not limited to an award of costs, attorneys' fees, and expenses.

Respectfully submitted,

s/Scott A. Gilliland
Counsel for Plaintiff
ASB-6604-l67s

Law Office of Scott A. Gilliland
400 Vestavia Parkway Suite 306
Vestavia Hills, Alabama 35216
(205) 746-6211
scott@scottgilliland.net

– PLEASE HOLD SERVICE –